DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NIPPONKOA INSURANCE CO., LTD. – U.S. BRANCH,

    *Plaintiff,*

- against -

KUEHNE & NAGEL, INC., d/b/a BLUE ANCHOR LINE, *and*
SHIPCO TRANSPORT, INC.,

    *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**07 CIV. 9581**

07 Civ.

**JUDGE LEISURE**

<u>COMPLAINT</u>

Plaintiff, Nipponkoa Insurance Co., Ltd. – U.S. Branch (hereinafter "Nipponkoa" or "Plaintiff"), by its attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1. All and singular the following premises are true and constitute claims arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337, and/or arising under federal law within the meaning of 28 U.S.C. § 1331, and/or under 28 U.S.C. § 1333, and arising under Rule 9(h) of the Federal Rules of Civil Procedure within the admiralty and maritime jurisdiction of this Honorable Court, and/or are supplemental claims to certain of the foregoing claims within the meaning of 28 U.S.C. § 1367.

2. At all material times, Plaintiff Nipponkoa, was, and now is, a foreign corporation

incorporated in and organized and existing under and by virtue of the laws of Japan with a principal U.S. place of business in New York, New York, and was, at all material times, the insurer of the shipment which is the subject matter of this action.

3. Defendant Kuehne & Nagel, Inc., d/b/a Blue Anchor Line (hereinafter "Blue Anchor" or "Defendant") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of New York with a principal United States office and place of business located in Jersey City, New Jersey, and was and now is engaged in business as a carrier of merchandise by water and/or road for hire and/or as warehousemen.

4. Defendant Shipco Transport, Inc. (hereinafter "Shipco" or "Defendant") is a foreign corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of New Jersey with a principal office and place of business located in Hoboken, New Jersey, and was and now is engaged in business as a carrier of merchandise by water and/or road for hire and/or as warehousemen and/or owned, chartered, managed and/or controlled trucks engaged in the carriage of merchandise by road for hire.

5. Venue is proper here within the applicable maritime legal precedents and/or within the meaning of 28 U.S.C. § 1391. All Defendants reside within this District within the meaning of 28 U.S.C. § 1391(c). At all material times, Defendants did business in New York, utilized the Port of New York and solicited business in the State of New York, thereby making them subject to the jurisdiction of this court. In addition, within the meaning of the Carmack Amendment, 49 U.S.C. § 14706(d), venue is also proper in this District because Defendants are

the delivering carriers and do business and operate trucks and routes throughout the 48 contiguous United States, including the State of New York and the area comprising the Southern District of New York.

6. On or about February 22, 2007, Defendants received, accepted and shipped a consignment of medical supplies, then being in good order and condition (the "Shipment"), aboard the M/V Ever Develop from Osaka, Japan, to be carried to the Port of Los Angeles, California, and from there to Illinois in consideration of certain agreed freight charges thereupon paid or agreed to be paid, and to deliver the same in like good order and condition. The carriage was described in certain bills of lading numbered EISU022760021601 and 42204307702039.

7. Thereafter the Shipment was delivered, but not in like good order and condition as when shipped, accepted, and received by Defendants. At some point en route a noxious varnish soiled the Shipment, rendering it useless and a total loss, in violation of Defendants' obligations as carriers and/or warehousemen.

8. Plaintiff and its assured have performed all conditions on their parts to be performed.

9. By reason of the foregoing, Plaintiff has sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $40,000.

3

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE U.S. CARRIAGE OF GOODS BY SEA ACT AND/OR THE CARMACK AMENDMENT

10. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 9 above.

11. By reason of the foregoing, Defendants were carriers of merchandise by sea and/or road for hire and breached their duties as common carriers and/or warehousemen under the U.S. Carriage of Goods by Sea Act, 46 U.S.C. § 1300 *et seq.* and/or the Carmack Amendment, 49 U.S.C. § 14706 *et seq.* and/or such other laws as may apply, and under the contract of carriage.

12. By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $40,000.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

13. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 12 above.

14. The Defendants were acting as bailees of the Shipment at the time the Shipment was damaged. The Defendants thereby, or through their contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform their services as bailees or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. The Defendants breached those bailment obligations and negligently failed to deliver to Plaintiff, or its designees, the Shipment.

4

15. By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $40,000.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

16. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 15 above.

17. The Defendants, by their negligence, failed to deliver the Shipment in like good order and condition. The Defendants, therefore, negligently failed to deliver the Shipment pursuant to Plaintiff's instructions in as good condition as when entrusted to it.

18. By reason of the foregoing, Defendants have caused damage to Plaintiff in an amount, as nearly as can now be estimated, up to or exceeding U.S. $40,000.

WHEREOF, Plaintiff prays:

1. That process in due form of law may issue against the Defendants citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of the Plaintiff against the Defendants on each of the Causes of Action for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

3. That this Court will grant to the Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       October 25, 2007

                                            MALOOF BROWNE & EAGAN LLC

                                            By: _____
                                                David T. Maloof (DM 3350)
                                                Thomas M. Eagan (TE 1713)
                                            411 Theodore Fremd Avenue - Suite 190
                                            Rye, New York  10580
                                            (914) 921-1200
                                            *Attorneys for Plaintiff*