9038/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Shipco Transport, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPONKOA INSURANCE CO., LTD. – U.S. BRANCH,<br><br>     Plaintiff,<br><br>    -against-<br><br>KUEHNE & NAGEL, INC., d/b/a BLUE ANCHOR LINE, and SHIPCO TRANSPORT, INC.,<br><br>     Defendants. | **ECF CASE**<br><br>07 Civ. 9581<br><br>**ANSWER WITH CROSS CLAIMS** |

   Defendant Shipco Transport, Inc. ("Shipco"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answers the Complaint with civil number 07 Civ. 9581 as follows:

   1.  Admits the claim is within the admiralty and maritime jurisdiction of this Honorable Court, and/or are supplemental claims to certain of the foregoing claims within the meaning of 28 U.S.C. § 1367 and except where so admitted, denies each and every allegation contained in Paragraph 1 of Plaintiff's Complaint.

   2.  Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     Admits Defendant Shipco is a foreign corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of New Jersey with a principal office and place of business located in Hoboken, New Jersey, and except where specifically admitted, denies each and every allegation contained in Paragraph 4 of Plaintiff's Complaint.

5.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.     Denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     Denies each and every allegation contained in Paragraph 9 of Plaintiff's Complaint.

## IN RESPONSE TO THE FIRST CAUSE OF ACTION

### BREACH OF CONTRACAT AND/OR DUTIES UNDER
### THE U.S. CARRIAGE OF GOODS BY SEA ACT
### AND/OR THE CARMACK AMENDMENT

10.     As to Paragraph 10 of the Complaint, Defendant Shipco repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if been repeated and set forth at length.

11.     Denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

12.     Denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

## IN RESPONSE TO THE SECOND CASUE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

13.     As to paragraph 13 of the Complaint, Defendant Shipco repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if been repeated and set forth at length.

14.     Denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint.

15.     Denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint.

## IN RESPONSE TO THE THIRD CAUSE OF ACTION

### NEGLIGENCE

16.     As to paragraph 16 of the Complaint, Defendant Shipco repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if been repeated and set forth at length.

17.     Denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint.

18.     Denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

19.     That the said shipment as described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

20.     Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

21.     Any shortage, loss and/or damage to the shipment in suit which Shipco specifically denies was due to causes for which Shipco is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law and/or applicable foreign law.

### SECOND AFFIRMATIVE DEFENSE

22.     Due diligence was exercised on the part of the carrier to make the vessels and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### THIRD AFFIRMATIVE DEFENSE

23.     That if the good in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which Shipco is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(o), and (n), and by the terms of the contract of carriage.

- 4 -

## FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

## FIFTH AFFIRMATIVE DEFENSE

25.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which Shipco is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

## SIXTH AFFIRMATIVE DEFENSE

26.     Defendant Shipco Transport, Inc. is an agent for a disclosed principal i.e.: Kuehne & Nagel, Inc. d/b/a Blue Anchor Line.

## SEVENTH AFFIRMATIVE DEFENSE

27.     That if the good in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

## EIGHTH AFFIRMATIVE DEFENSE

28.     That if Plaintiff's cargo suffered any loss or damage, which Shipco denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of Shipco, and Shipco is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(Q).

## CROSS-CLAIMS

### AS AND FOR ITS CROSS-CLAIM AGAINST DEFENDANT KUEHNE & NAGEL DEFENDANT SHIPCO ALLEGES AS FOLLOWS:

29.    Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 to 28 inclusive of this Answer, with the same force and effect as if herein set forth at length.

30.    If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss or damage caused any liability to Shipco, then the said liability was brought by Defendant Kuehne & Nagel's negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof, Shipco is entitled to full indemnity and/or contribution from Defendant Kuehne & Nagel, for its loss and damage including reasonable counsel fees and expenses.

WHEREFORE, Defendant Shipco prays that the Complaint against it be dismissed and its cross-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
      November 6, 2007

Respectfully submitted,

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Sea Shipping Lines

By:  / s / Patrick Michael DeCharles, II
        Patrick Michael DeCharles, II (PMD/9984)
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

To:    Maloof Browne & Eagan LLC
       411 Theodore Fremd Avenue – Suite 190
       Rye, New York 10580
       Attn: David T. Maloof, Esq.
            Thomas M. Eagan, Esq.

## **CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL**

The undersigned declares under penalty of perjury that the following is true and correct:

1.      I am over the age of eighteen years and I am not a party to this action.

2.      On November 6, 2007, I served a complete copy of Defendant Sea Trade International,

Inc.'s **Answer with Crossclaims** by ECF to the following attorneys at their ECF registered

address and by regular U.S. mail at the following address:

Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
Attorneys for Plaintiff

                    / s / Patrick Michael DeCharles, II
                    Patrick Michael DeCharles, II (PMD/9984)