UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NIPPONKOA INSURANCE CO., LTD. -
U.S. BRANCH,

                Plaintiff,

-against-

KUEHNE & NAGEL, INC., d/b/a
BLUE ANCHOR LINE, and
SHIPCO TRANSPORT, INC.,

                Defendants.
---------------------------------------------------------x

07 Civ. 9581 (Judge Leisure)

ANSWER OF DEFENDANTS
KUEHNE & NAGEL, INC. d/b/a
BLUE ANCHOR LINE

Defendants, Kuehne & Nagel, Inc. and Blue Anchor Line, answering the complaint herein by its attorney Ernest H. Gelman, alleges upon information and belief as follows:

1.    Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 4 and 8 of the complaint herein.

2.    Denies each and every allegation contained in paragraphs 7, 9, 11, 14, 15, 17 and 18 of the complaint herein.

3.    As to paragraph 3 of the complaint, admits that defendant Kuehne & Nagel, Inc. is a corporation incorporated in and organized and existing by virtue of the laws of the State of New York with a principal United States office and place of business located in Jersey City, New Jersey and is engaged in the business among other things, as a warehouseman. Defendants denies doing business as Blue Anchor Line, which is a division of Transpac Container System, Ltd., a foreign corporation, which as an non-vessel operating common carrier, issues bills of lading for the carriage of merchandise by water and/or road for hire.

4. Denies each and every allegation in paragraph 5 of the complaint as it pertains to Blue Anchor Line. Defendant, Kuehne & Nagel, Inc. admits that as a New York corporation it is subject to the jurisdiction of the court but denies that it operates trucks through the 48 contiguous United States, including the State of New York and the area comprising the Southern District of New York.

5. As to the allegations contained in paragraph 6 of the complaint defendant Blue Anchor Line a division of Transpac Container System Ltd. admits having issued a bill of lading #4220407702039 and begs leave to refer to the terms and conditions set forth therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6. Defendant, Blue Anchor Line is a division of Transpac Container System Ltd., a foreign corporation. It acted in the capacity of a non-vessel common carrier with respect to the shipment referred to herein and its liability, if any, is therefore limited.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7. Lack of jurisdiction over defendant Blue Anchor Line.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Defendant, Kuehne & Nagel, Inc. acted as a freight forwarder in connection with the within shipment not as a carrier and therefore is not liable to plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Upon information and belief, plaintiff lacks the capacity to bring this action against Kuehne & Nagel Inc. and Blue Anchor Line.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. Upon information and belief, the loss or damages referred to in the Complaint resulted in whole or in part from the negligence, lack of care or conduct of persons other than the Defendant, Blue Anchor, and was outside of said Defendant's control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. Pursuant to the Terms and Conditions of the bills of lading issued by Defendant, BLUE ANCHOR, disputes between the parties arising from shipments are to be determined by the courts and in accordance with the Laws of a foreign country and no proceedings may be brought before other courts without the consent of this Defendant. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant, Blue Anchor, hereby gives notice that it intends to raise issues concerning the laws of a foreign country, in this matter.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12. Plaintiff failed to comply with the condition precedent of the bill of lading contract in that no notice of loss or damage as required by the bill of lading was given in writing to Blue Anchor or its agent at the port of discharge before or at the time of the removal of the goods into the custody of the person or entity entitled to delivery thereof.

13. Plaintiff failed to give Blue Anchor notice of or opportunity to attend a survey conducted of the goods claimed to have been damaged.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to give timely notice of its claim against defendant, Blue Anchor Line.. Plaintiff failed to comply with the conditions of the bill of lading issued

by Blue Anchor Line in that no loss or damage required by its bill of lading was given in writing to Blue Anchor Line at the port of discharge or at the time of the removal of

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. There is no basis of personal jurisdiction over Blue Anchor Line, which is a foreign entity organized and existing in Hong Kong and lacks any presence in the United States.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. Upon information and belief, the loss or damage referred to in the complaint resulted in whole or in part from the negligence, lack of care or conduct of persons outside of these defendant's control.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. That if the goods in suit were damaged, which defendants deny knowledge and information sufficient to form a belief on, said damages were caused by insufficient packaging, for which defendants are not liable under COGSA and by the terms of its bill of lading. No cause of action is stated against defendant Kuehne & Nagel, Inc.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. Pursuant to the terms of the contract between plaintiff's predecessor in interest and Kuehne & Nagel, Inc., no liability is assumed by Kuehne & Nagel, Inc. for the service of third parties. Moreover, liability, if any, is limited to $50 per transaction.

### AS AND FOR A CROSS-CLAIM
### AGAINST DEFENDANT SHIPCO TRANSPORT, INC. (SHIPCO)

1. Plaintiff in the within action has alleged damages to goods transported from Oska, Japan to the Port of Los Angeles and from there to be delivered to Illinois.

4

2. Upon information and belief, the damages, if any, complained of occurred while the good were in the possession or control of Shipco.

3. All duties, responsibilities of carriage and loading the cargo were undertaken by said cross-defendant on behalf of plaintiff and further on behalf of defendants herein as respects the shipment in issue.

4. To the extent plaintiff's goods were damaged, such loss was caused solely by defendant Shipco's failure to property load the container and cause it to be transported inland on behalf of plaintiff.

5. If defendants, Kuehne & Nagel, Inc. or Blue Anchor Line are found responsible for any damages as alleged in the complaint, the sole cause of said damages was the negligence, breach of contract or other failure of Shipco.

6. As a result of the foregoing acts or omissions of Shipco, defendants Kuehne & Nagel, Inc. and Blue Anchor Line are entitled to recover contribution from said Shipco for all sums which they may be found liable to plaintiff including attorneys fees and the defense of this action.

WHEREFORE, defendants Kuehne & Nagel, Inc. and Blue Anchor Line demand judgment as follows:

a. Dismissing the complaint herein together with costs and disbursements;

b. For declaration that if either Kuehne & Nagel, Inc. or Blue Anchor Line are held liable to plaintiff, that judgment be rendered against cross-defendant Shipco, determining its responsibility for the damages sustained by plaintiff and the Shipco be obligated to contribute to the amount of any judgment or settlement in favor of plaintiff in proportion to its respective liability.

    c.    For attorneys fees and costs for suit incurred herein from Shipco.

    d.    For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 19, 2007

Yours, etc.

*[signature]*

Ernest H. Gelman (EHG 4748)
Attorney for defendants Kuehne & Nagel,
Inc. sued herein d/b/a Blue Anchor Line
350 Fifth Avenue, Suite 4908
New York, NY 10118
Telephone: (212) 332-2345
Fax: (212) 332-8301
e-mail: egelman@gelmanesq.com

TO:    David T. Maloof, Esq.
Maloof Browne & Eagan LLC
Attorneys for Plaintiff
411 Theodore Fremd Avenue – Suite 190
Rye, NY 10580

Patrick Michael DeCharles II, Esq.
Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, NY 10006-2802