9038/SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Shipco Transport, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIPPONKOA INSURANCE CO., LTD. – U.S. BRANCH,<br><br>Plaintiff,<br><br>-against-<br><br>KUEHNE & NAGEL, INC., d/b/a BLUE ANCHOR LINE, and SHIPCO TRANSPORT, INC.,<br><br>Defendants. | ECF CASE<br><br>07 Civ. 9581<br><br>**SHIPCO'S ANSWER TO KUEHNE & NAGEL, INC. d/b/a BLUE ANCHOR LINE'S CROSS-CLAIM** |

Defendant Shipco Transport, Inc. ("Shipco"), through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answers the Cross-Claim of Kuehne & Nagel, Inc. d/b/a Blue Anchor Line with civil number 07 Civ. 9581 as follows:

**IN RESPONSE TO THE CROSS-CLAIM AGAINST
DEFENDANT SHIPCO TRANSPORT, INC. (SHIPCO)**

1.   Admits Plaintiff in the within action has alleged damages to goods transported from Osaka, Japan to the Port of Los Angeles and from there to be delivered to Illinois.

2.   Denies each and every allegation contained in paragraph 2 of Plaintiff's Complaint.

3. Denies each and every allegation contained in paragraph 3 of Plaintiff's Complaint.

4. Denies each and every allegation contained in paragraph 4 of Plaintiff's Complaint.

5. Denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint.

6. Denies each and every allegation contained in paragraph 6 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES
### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7. That the said shipment as described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

8. Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

9. Any shortage, loss and/or damage to the shipment in suit which Shipco specifically denies was due to causes for which Shipco is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Due diligence was exercised on the part of the carrier to make the vessels and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

11. That if the good in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which Shipco is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(o), and (n), and by the terms of the contract of carriage.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

12. Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

13. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which Shipco is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

14. Defendant Shipco Transport, Inc. is an agent for a disclosed principal i.e.: Kuehne & Nagel, Inc. d/b/a Blue Anchor Line.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

15. That if the good in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

16. That if Plaintiff's cargo suffered any loss or damage, which Shipco denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of Shipco, and Shipco is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2) (Q).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. Pursuant to an agreement dated March 6, 2006, cargo moving under a Kuehne & Nagel (Blue Anchor) Bill of Lading, AZ West would handle the inland portion of the transit and all claims resulting from that move are to be handled by Kuehne & Nagel directly with AZ West. See paragraph 3 of Exhibit 1.

WHEREFORE, Defendant Shipco Transport Inc. prays that the Crossclaim and Plaintiff's Complaint against it be dismissed; that it be granted further relief in the form of reasonable attorney fees and expenses and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
December 31, 2007

                                                Respectfully submitted,

                                                CICHANOWICZ, CALLAN, KEANE,
                                                VENGROW & TEXTOR, LLP
                                                Attorneys for Defendant Shipco Transport, Inc.

                                                By:  / s / Patrick Michael DeCharles, II
                                                      Patrick Michael DeCharles, II (PMD/9984)
                                                61 Broadway, Suite 3000
                                                New York, New York 10006-2802
                                                (212) 344-7042

To:    Maloof Browne & Eagan LLC
         Attorneys for Plaintiff
         411 Theodore Fremd Avenue – Suite 190
         Rye, New York 10580
         Attn: David T. Maloof, Esq.
                Thomas M. Eagan, Esq.

         Ernest H. Gelman, Esq.
         Attorney for Defendants Kuehne & Nagel, Inc.
         Sued herein d/b/a Blue Anchor Line

- 5 -

350 Fifth Avenue, Suite 4908
New York, New York 10118

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On December 31, 2007, I served a complete copy of Defendant Shipco Transport, Inc's **Answer to Crossclaims** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

>Maloof Browne & Eagan LLC
>Attorneys for Plaintiff
>411 Theodore Fremd Avenue – Suite 190
>Rye, New York 10580
>Attn: David T. Maloof, Esq.
>      Thomas M. Eagan, Esq.

>Ernest H. Gelman, Esq.
>Attorney for Defendants Kuehne & Nagel, Inc.
>Sued herein d/b/a Blue Anchor Line
>350 Fifth Avenue, Suite 4908
>New York, New York 10118


    / s / Patrick Michael DeCharles, II
    Patrick Michael DeCharles, II (PMD/9984)